# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* **Z.G., G.G., A.T., & H.T.**

**No. 12-0868 (Webster County 12-JA-13, 14, 15 & 16)**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Mother, by counsel Joyce Helmick Morton, appeals the Circuit Court of Webster County's order entered on July 28, 2012, terminating her parental rights to her children. The guardian ad litem, Michael W. Asbury, has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect petition in this matter was filed after the birth of twins A.T. and H.T. While the premature twins were hospitalized, Petitioner Mother was found using prescription drugs illegally and was removed from the Ronald McDonald House where she was staying. The petition further noted that custody of Petitioner Mother's two older children was given to the maternal grandparents in January of 2011. Petitioner Mother admitted to the allegations in the petition and was adjudicated as abusive and neglectful. During the pendency of the case, Petitioner Mother was taken into custody due to a violation of her parole after she tested positive for drugs. At the time of disposition, Petitioner Mother had been incarcerated for two months, and had to serve at least one year before she could be considered for release. The circuit court terminated her parental rights, finding that she had been addicted to drugs for at least the past fifteen years, that she had a significant criminal history based on her drug abuse, and that she had not participated in a drug rehabilitation program.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

1

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights based solely on her incarceration, and she argues that there were less restrictive alternatives to the termination of parental rights. Petitioner argues that she acted as a responsible parent in recognizing her drug addiction and placing the children with their grandparents where they were safe. She also argues that the children should have simply been placed with the grandparents as their guardians and she should have been allowed to find suitable housing after her incarceration. She argues that prior to her incarceration she was going to be granted an improvement period, and that her children were never in danger because they were in the care of their grandparents.

The guardian ad litem responds in favor of the termination of parental rights, arguing that Petitioner Mother never showed that she would comply with an improvement period, and even admitted at disposition that she could not complete an improvement period while incarcerated. Moreover, the guardian notes that petitioner's incarceration was only one of the factors considered in terminating her parental rights, as she also had a long history of substance abuse and a significant criminal history. The guardian adds that petitioner could not comply with the eighteen-month timeline for permanency required by *In re Cecil T.* The DHHR also responds in favor of the termination of parental rights, noting that Petitioner Mother has been abusing drugs for at least fifteen years and states that she has no home upon her release from incarceration.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. This Court further finds that the circuit court did not base its decision solely on petitioner's incarceration, but also noted her significant criminal history and severe drug addiction.

For the foregoing reasons, the circuit court's order terminating petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3